# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

William Gordon Alsaker,  
an individual,

          Plaintiff,

v.

Officer Lance DuPaul, Officer Dustin DuPre,  
Sgt. Michael Johnson, and Officer Jared  
Roettjer, individually and in their official  
capacities; and Does 1 through 5, inclusive,

          Defendants.

Civil No. 06-164 (DWF/AJB)

**ORDER**

---

Charles E. Bethel II, Esq., Charles F. Clippert III, Esq., and John R. Grieme, Esq., Bethel & Associates, PA; Jill M. Waite, Esq., Waite Law Office; and Jill Clark, Esq., Jill Clark PA, counsel for Plaintiff.

James Anthony Moore, Esq., and Tracey L. Fussy, Esq., Assistant Minneapolis City Attorneys, Minneapolis City Attorney's Office, counsel for Defendants.

---

This matter is before the Court on the parties' Motions in Limine.

## ORDER

**1.  Plaintiff's motion to have the Court instruct the jury as to the nature and termination of the state criminal matter**

Plaintiff has moved to inform the jury that Plaintiff entered an *Alford* plea in the criminal charge that arose from the events giving rise to this lawsuit. Defendants do not oppose the motion, insofar as they do not object to providing the jury with such information so long as the jury is instructed as to the nature of an *Alford* plea—that it is,

in essence, a plea of no contest. Moreover, Defendants contend that if the jury is instructed as to the nature of the criminal matter against Plaintiff, the jury should be instructed that in entering the *Alford* plea, Plaintiff admitted that sufficient evidence existed that could likely have convinced a judge or jury to find Plaintiff guilty. Defendants also note that they have no intention of raising the other charges that were initially brought against Plaintiff but dismissed.

Plaintiff's motion (Doc. No. 41) is **DENIED**. Evidence regarding the nature and termination of the Plaintiff's state criminal matter is not relevant pursuant to Fed. R. Evid. 401. Alternatively, even if it was relevant, the Court would find that its probative value is substantially outweighed by the danger of unfair prejudice and confusion pursuant to Fed. R. Evid. 403. For those reasons, there will be no mention of the nature and termination of the Plaintiff's state criminal matter that arose out of this incident, absent an offer of proof brought pursuant to Fed. R. Evid. 104.

**2.     Plaintiff's motion to have the jury hear evidence of the defendants' financial condition, or to be able to tell the jury that the officers are being indemnified**

Plaintiff has moved to allow the jury to hear evidence of either the Defendant officers' financial condition or that the Defendant officers have been indemnified by the City. Consistent with the Court's remarks off the bench at the pretrial, Plaintiff's motion (Doc. No. 41) is **DENIED**. Here, because the City has agreed to indemnify the Defendant officers, any mention of the individual officers' financial condition is irrelevant. The final jury instructions will not instruct the jury to consider the Defendants' financial condition. *See* 8th Cir. Civil Jury Instr.

4.50C (2005) (noting that "[f]actors which *may, in appropriate circumstances*, be considered by the jury in awarding punitive damages include . . . the defendant's financial condition . . . ." (emphasis added)).  If the parties wish to inquire as to the Defendants' financial condition or the City's indemnification, the parties should first approach the Court outside the presence of the jury.

3. **Plaintiff's motion to exclude Defendants' expert witness because he was not disclosed in a timely manner**

Plaintiff has moved to exclude the Defendants' expert witness because he was not disclosed in a timely manner pursuant to the Court's scheduling order.  Defendants oppose Plaintiff's motion.  Consistent with the Court's remarks off the bench at the pretrial, Plaintiff's motion (Doc. No. 41) is **DENIED**.  The Court will, however, allow Plaintiff to file a rebuttal report to be filed within two weeks from the date of the pretrial.  Moreover, the Plaintiff will be allowed to depose the Defendants' expert witness prior to the commencement of trial.  The Court will reserve the right to impose costs on the City and to rule on the admissibility of any evidence derived from the Defendants' expert report.

4. **Plaintiff's motion to exclude the criminal convictions of the Plaintiff**

Plaintiff has moved to exclude evidence of Plaintiff's previous criminal convictions because they are either irrelevant or prejudicial.  On the record before the Court at this time, the Court finds that, pursuant to Rules 609 and 403, Plaintiff's motion (Doc. No. 41) is **GRANTED** to the extent that the Court will allow no mention of Plaintiff's previous criminal convictions in the presence of the jury, including during

3

opening statements. However, the Court's ruling is subject to either party's right to make an offer of proof pursuant to Rule 104 in the event that either party concludes that one or more of Plaintiff's convictions should be admissible. Absent further order of the Court, there shall be no mention of Plaintiff's previous criminal convictions to the jury.

**5.    Defendants' motion to exclude the content of internal affairs and civilian review files**

Consistent with the Court's ruling at the pretrial, Defendant's motion (Doc. No. 34) is **GRANTED**. The Court will allow no mention in the presence of the jury, including during opening statements, of the Defendant officers' internal affairs or civilian review files. However, the Court's ruling is subject to Plaintiff's right to make an offer of proof to the Court, pursuant to Rule 104. Until further order of the Court, there shall be no mention of internal affairs or civilian review files to the jury.

**6.    Defendants' motion to exclude testimony from any expert witness, treating physician, or Plaintiff regarding Plaintiff's tooth decay**

Plaintiff has moved to exclude testimony—expert or otherwise—regarding dental injuries alleged to have occurred as a result of Plaintiff's encounter with Defendants on January 10, 2004. Consistent with the Court's remarks off the bench at the pretrial for this matter, Defendants' motion (Doc. No. 34) is **GRANTED**. However, the Court's ruling is subject to Plaintiff's right to make an offer of proof to the Court pursuant to Rule 104. Until further order of the Court, there shall be no mention of tooth decay or related dental work or injuries to the jury.

Dated: January 11, 2008              s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     Judge of United States District Court