## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

William Gordon Alsaker, an individual,                Civil No. 06-164 (DWF/AJB)

Plaintiff,

v.                                                    **ORDER AND MEMORANDUM**

Lance DuPaul, Dustin DuPre,
Michael Johnson, and
Jared Roettjer,

Defendants.

---

Charles E. Bethel, II, Esq., and John R. Grieme, Esq., Bethel & Associates, PA;
Charles F. Clipper, III, Esq., Caplan Law Firm; Jill M. Waite, Esq., Waite Law Office;
and Jill Clark, Esq., Jill Clark, PA, counsel for Plaintiff.

James A. Moore and Tracey N. Fussy, Assistant City Attorneys, Minneapolis City
Attorney's Office, counsel for Defendants.

---

This matter is before the Court pursuant to a motion for a new trial pursuant to

Rule 59 of the Federal Rules of Civil Procedure brought by Plaintiff William Gordon

Alsaker.  Defendant opposes Plaintiff's motion.

Based upon the presentations and submissions of counsel, the Court having

reviewed the contents of the file and evidence in this case, and the Court being otherwise

duly advised in the premises, the Court hereby enters the following:

**ORDER**

1.      Plaintiff's motion for a new trial pursuant to Rule 59 of the Federal Rules of

Civil Procedure (Doc. No. 76) is **DENIED**.


Dated:  February 26, 2009                    s/Donovan W. Frank
                                             DONOVAN W. FRANK
                                             Judge of United States District Court


**MEMORANDUM**

**I.      Introduction**

The trial in this matter commenced on October 20, 2008, and concluded with the

return of the jury's verdict on October 28, 2008.  The matter was submitted to the jury on

the issue of use of excessive force by Defendant Officers Lance DuPaul, Dustin DuPre,

Michael Johnson, and Jared Roettjer.  The jury returned their verdict on October 28,

2008, for the Defendants, finding that the officers had not used excessive force.

At trial, Plaintiff proceeded on the claims of assault, battery, and excessive use of

force.  At the pretrial conference, and then again at the charge conference, the Court and

counsel discussed the legal appropriateness and the issues surrounding submitting a

so-called "unified" charge to the jury on the issue of the excessive use of force.  Plaintiff

requested that assault, battery, and the 42 U.S.C. § 1983 claim be submitted to the jury,

but the Court submitted only the § 1983 claim.

## II.    Discussion

The following statement, entitled "Joint Statement of the Case" was submitted by

the parties and to the jury three times:  during jury selection, during the preliminary

instructions of the Court, and in the final instructions of the Court.  This joint statement

read as follows and is part of the record:

> Plaintiff alleges that he was subjected to unconstitutionally excessive
> force, assault and battery by the Defendant police officers during the course
> of his arrest and detention on January 10, 2004.  Plaintiff alleges that
> Defendant officers punched him and kicked him in the face after he had
> been subdued and handcuffed, and that while handcuffed he was also
> thrown face first against a squad car.
>
> Defendants deny that they subjected Plaintiff to excessive force and
> maintain that Plaintiff's injuries were sustained when he fell on two
> separate occasions.  Defendants maintain that Plaintiff first fell as he fled
> from his still-moving vehicle after being pulled over by the police and that
> he fell a second time after he was detained and in handcuffs when the
> Plaintiff and the officers escorting him slipped and fell to the ice.
> Defendants deny that they used any excessive force in arresting or detaining
> Plaintiff.

As pointed out by Justice Wahl in *Paradise v. City of Minneapolis*, 297 N.W.2d

152 (Minn. 1980), the essence of that plaintiff's complaint, much like the case before the

Court, was whether there was a basis upon which a jury could conclude that the law

enforcement officers used more force than was necessary in arresting and detaining the

Plaintiff.  Thus, in *Paradise*, like the instant case, while assault was alleged, the central

issue in the case was not the intent of the officers, but Plaintiff's claim that the officers

used excessive force.

Here, Plaintiff asserts that the Court's failure to submit jury instructions on the

assault and battery charge left the jury confused about why part of the case was submitted

to them.  In addition, Plaintiff contends that the jury instructions, particularly the

instructions on excessive force, left the jury confused as to what verdict to reach because

Plaintiff alleged that the police conduct was intentional.

Consistent with 8th Cir. Civil Jury Instr. 4.10 (2005), the Court instructed the jury

as follows:  "The jury must consider whether the officer's actions are reasonable in light

of the facts and circumstances confronting the officer, without regard to the officer's state

of mind, intention, or motivation."  *Graham v. O'Connor*, 490 U.S. 386 (1989); *see also*

*Cole v. Bone*, 993 F.2d 1328, 1333 (8th Cir. 1993) (quoting *Graham* in holding that the

officer's subjective intent was irrelevant because "[i]n excessive force cases 'the question

is whether the [officer's] actions are "objectively reasonable" in light of the facts and

circumstances confronting [him], without regard to [his] underlying intent or

motivation'").  Plaintiff asserts that the Court did not properly instruct the jury because

the assault and battery issue was not accurately covered by the instructions regarding the

use of excessive force.  Further, Plaintiff contends that by failing to instruct on the counts

of assault and battery, the Court failed to instruct on Plaintiff's theory of the case.

Defendants, for their part, assert that because only the *excessive* use of force by a

law enforcement officer can constitute a battery, if a jury concludes that any force used

was reasonable, there can be no battery.  Consequently, Defendants contend that when the

jury found that the law enforcement officers did not use excessive force, the jury

necessarily ruled out the possibility that the officers had committed an assault and battery on the Plaintiff.

The record establishes that the jury was properly instructed, that Plaintiff received a fair trial in this case from a fair and impartial jury, and that the verdict is not against the great weight of the evidence. There was no miscarriage of justice in this case. *Harris v. Secretary, United States Dept. of Army*, 119 F.3d 1313 (8th Cir. 1997); 8th Cir. Civil Jury Instr. 4.10 (2005).

As noted appropriately by Wright and Miller Federal Practice and Procedure: Civil 3d § 2556, "[i]t is the inescapable duty of the trial judge to instruct the jurors, fully and correctly, on the law applicable to the case, and to guide, direct, and assist them toward an intelligent understanding of the legal and factual issues involved in their search for a proper resolution of the dispute." *See also Margolies v. McCleary Inc.*, 447 F.3d 1115 (8th Cir. 2006)*; Agape Baptist Church Inc. v. Church Mut. Ins. Co.*, 299 F.3d 701 (8th Cir. 2002). Moreover, it is the trial judge's responsibility to properly instruct the jury even when there has been no request for a specific instruction on a particular issue. Wright & Miller Federal Practice and Procedure: Civil 3d § 2556.

A party is entitled to a specific instruction on their theory of the case if it is supported by applicable law and there exists a factual basis in the record to submit it. Wright & Miller Federal Practice and Procedure: Civil 3d § 2556, quoting *Margolies*, *supra*; *Agape Baptist Church*, *supra*. General, abstract, or so-called boilerplate charges are not favored by the federal courts. Moreover, even model jury instruction guides

should not be blindly followed without regard to the specific facts of the case, including a

party's theory of the case, if there exists a factual foundation and legal basis to so instruct

on that party's theory.  Contrary to Plaintiff's position taken at trial and stated in his

post-trial briefing, Plaintiff's theory of the case was adequately and fairly addressed when

the Court submitted the issue of excessive use of force to the jury.  The Court's so-called

"unified" charge to the jury in submitting the elements of the excessive use of force did

not mislead the jury.

As explained in *Paradise*, a battery is defined as an intentional, unpermitted,

offensive contact with another.  297 N.W.2d at 155.  In *Paradise*, the essence of the

plaintiff's complaint, much like the case before the Court, was based upon the physical

contact between the officers and the plaintiff.  Stated another way, it was whether that

physical contact constituted the excessive use of force.  Here, Plaintiff did not try the case

based upon an allegation that he sustained damages from an intent by the officers to cause

apprehension or fear of offensive contact or on a theory that he might be touched.  Rather,

the focus by the Plaintiff, and appropriately so, was on the actual physical contact and

Plaintiff's assertion that the officers' contact was intentional.  A battery occurs if it is

proved that a defendant intentionally caused harmful or offensive contact with the

plaintiff.  *See* CIVJIG 60.25.  A civil assault is defined as an act with intent to cause

apprehension or fear of immediate offensive contact with plaintiff or an unlawful threat to

do bodily harm or engage in offensive contact.  *Dahlin v. Frasier*, 288 N.W. 851, 852

(Minn. 1939).

Again, as noted in *Paradise*, an arrest is made by the actual restraint of the person

of the defendant or by his submission to the custody of the officer; but a person shall not

be subjected to any more restraint than shall be necessary for his arrest and detention.

Minn. Stat. § 609.06(1)(a).  Thus, if an officer used excessive force, the officer's touching

of a plaintiff would be unpermitted and therefore constitute a battery.  *Paradise*, 297

N.W.2d at 155.

The United States Supreme Court clearly stated in *Graham* that in a Fourth

Amendment context, "[t]he 'reasonableness' inquiry in an excessive force case is an

objective one:  the question is whether the officers' actions are 'objectively reasonable' in

light of the facts and circumstances confronting them, without regard to their underlying

intent or motivation."  490 U.S. 386.  Consequently, "[a]n officer's evil intentions will

not make a Fourth Amendment violation out of an objectively reasonable use of force;

nor will an officer's good intentions make an objectively unreasonable use of force

constitutional."  *Id.* at 397 (*quoting Scott v. United States*, 436 U.S. 128, 138 (1978)).

Therefore, subjective concepts like intent, malice, and ill will have no appropriate place in

a Fourth Amendment inquiry involving an allegation of excessive use of force.  *See also*

*Cole*, *supra*, quoting *Graham, supra* (holding that an appropriate Fourth Amendment

inquiry is one of whether the officer's actions were "objectively reasonable").

## III.    Conclusion

The jury instructions in this case provided the jury with a clear and concise

statement of the law as applied to the facts of the case, while also encompassing

Plaintiff's theory of the case.  The record does not support the notion that the jury was

confused or that the Plaintiff was not permitted to argue fully and zealously his theory of

the case.  The evidentiary irony of this circumstance is that with the instructions the Court

provided, the Plaintiff did not have to prove ill will or intent to harm, but, rather, that the

force used was excessive because it was not reasonably necessary to arrest Plaintiff, take

the Plaintiff into custody, or otherwise detain him.  Given the law announced in *Paradise*,

*Graham*, and *Cole*, just to name three cases, it would have been error for the Court, based

upon the facts of this case, to submit the intentional torts of assault and battery to the jury.

The Court does not reach the issue as to how it would have dealt with the issue of

duplicity or confusion of arriving at damages in the event a separate instruction on battery

would have been submitted to the jury.[1]

    Finally, contrary to the view asserted by the Plaintiff, it is always the trial judge's

obligation to properly instruct the jury based upon the Court's understanding of the law

and the facts of the case before it, and irrespective of whether the parties have stipulated

---

    [1]    It is interesting to note the damage question proposed by Plaintiff.
REQUESTED INSTRUCTION NO. 22, the only damage question submitted by Plaintiff
for all three claims, read as follows:  "Damages - Unreasonable Force or Restraint - In
answering the Special Verdict Form, if you find that Plaintiff is entitled to recover
damages because Defendants used unreasonable force, then you should allow the Plaintiff
such damages as a result from the use of force in excess of what was reasonably
necessary."  Plaintiff's proposed Special Verdict Form read in the same manner, without
distinguishing between assault, battery, and the excessive use of force claim as to the
issue of damages.  *See* Plaintiff's Proposed Special Verdict Form, Question No. 13.  It
should also be noted that the Court did not reach the issue as to whether there was a
factual foundation to submit the assault charge to the jury had the case been before the
Court on assault and battery, as in *Paradise*, without the excessive use of force claim.

to a set of instructions, or whether one party has moved the Court to instruct the jury in a particular way, or whether one party is opposed to instructing a jury in a particular way. It does not place the trial judge in the role of advocate, but, rather it simply means that the trial judge's duty is to instruct a jury fully, fairly, and correctly.  That duty does not vary from trial to trial based upon the positions of the parties or their request for jury instructions.

For all of these reasons, the Court has respectfully denied Plaintiff's motion for a new trial.

D.W.F.